1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   ABDUL HOWARD,                          No.  1:24-cv-00429-SAB (PC)

12              Plaintiff,                   ORDER DIRECTING CLERK OF COURT TO
                                            RANDOMLY ASSIGN A DISTRICT JUDGE
13        v.                                 TO THIS ACTION

14   UNKNOWN,                                FINDINGS AND RECOMMENDATION
                                            RECOMMENDING DISMISSAL OF ACTION
15              Defendant.                   FOR FAILURE TO STATE A COGNIZABLE
                                            CLAIM FOR RELIEF
16
                                            (ECF No. 23)
17

18        Plaintiff is proceeding pro se and in forma pauperis in this civil rights action.

19        Currently before the Court is Plaintiff's second amended complaint, filed November 15,

20   2024.

21                                          I.

22                              SCREENING REQUIREMENT

23        The Court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26   "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

27   "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

28

                                            1

1   1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

2       A complaint must contain "a short and plain statement of the claim showing that the

3   pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

4   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5   conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

6   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate

7   that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.

8   Williams, 297 F.3d 930, 934 (9th Cir. 2002).

9       Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

10  liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

11  1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

12  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

13  that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

14  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

15  has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

16  liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d

17  at 969.

18                                    **II.**

19                          **COMPLAINT ALLEGATIONS**

20      The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of

21  the screening requirement under 28 U.S.C. § 1915.

22      On November 12, 2023, Plaintiff fell in the kitchen area.  Kitchen officer Carrol violated

23  his duty as a supervisor office.  Carrol was informed by several inmates that Plaintiff slipped and

24  fell backward on the wet kitchen floor.  Carrol did nothing as his duties require him to note the

25  fall of any inmate and displayed a reckless disregard for Plaintiff's right to a safe work

26  environment.  There was no sanitation worker to keep the floors dry because he went home a

27  week prior and no one was hired to replace him.

28  ///

2

1    Officer Carrol admitted to safety officer Pope that Plaintiff fell, however, he told Pope

2    that Plaintiff said he was okay at the moment, but if Plaintiff started to hurt he would go to

3    medical, as he did a week thereafter.

4    Safety officer Pope informed Plaintiff that he may not qualify for compensation, but he

5    would investigate the accident and see what steps were necessary.  After a slow process, Plaintiff

6    filed for damages after feeling that he was transferred to United States Penitentiary in McCreary,

7    in retaliation.  Officer Day told Plaintiff that he did not qualify for the inmate compensation claim

8    because he has a life sentence with no parole date.

9                                                    **III.**

10                                            **DISCUSSION**

11        **A.    Bivens**

12    Individuals may sue federal officials for damages for constitutional violations under

13    certain circumstances. Bivens, 403 U.S. 388.  A Bivens action is the federal analog to suits

14    brought against state officials under 42 U.S.C. § 1983. Hartman v. Moore, 547 U.S. 250 (2006).

15    The basis of a Bivens action is some illegal or inappropriate conduct on the part of a federal

16    official or agent that violates a clearly established constitutional right. Baiser v. Department of

17    Justice, Office of U.S. Trustee, 327 F.3d 903, 909 (9th Cir. 2003).  Actions under Bivens and

18    actions under § 1983 "are identical save for the replacement of a state actor under § 1983 by a

19    federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).

20    "To state a claim for relief under Bivens, a plaintiff must allege that a federal officer

21    deprived him of his constitutional rights." Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010)

22    (citing Schearz v. United States, 234 F.3d 428, 432 (9th Cir. 2000)). A Bivens claim is only

23    available against officers in their individual capacities. Morgan v. U.S., 323 F.3d 776, 780 n.3

24    (9th Cir. 2003); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996).

25    "A plaintiff must plead more than a merely negligent act by a federal official in order to

26    state a colorable claim under Bivens." O'Neal v. Eu, 866 F.2d 314, 314 (9th Cir. 1988). Plaintiff

27    must allege facts linking each named defendant to the violation of his rights. Iqbal, 556 U.S. at

28    676.  The factual allegations must be sufficient to state a plausible claim for relief, and the mere

                                                    3

1   possibility of misconduct falls short of meeting this plausibility standard. Id. at 678-79.  A

2   plaintiff must also demonstrate that each named defendant personally participated in the

3   deprivation of his rights. Id. at 676-77. In other words, there must be an actual connection or link

4   between the actions of the defendants and the deprivation alleged to have been suffered by

5   Plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

6       Not all constitutional cases against federal officers for damages may proceed as Bivens

7   claims. There is a two-part test to determine whether a Bivens action may proceed. Ziglar v.

8   Abbasi, 582 U.S. 138-139 (2017).  To determine whether a Bivens claim is cognizable, a court

9   first "ask[s] whether the case presents 'a new Bivens context'—i.e., is it 'meaningful[ly]'

10  different from the three cases in which the Court has implied a damages action." Egbert v. Boule,

11  142 S. Ct. 1793, 1803 (2022) (quoting Ziglar v. Abbasi, 582 U.S. at 139).  That is, the Court must

12  determine whether the claim presents a new context from the three cases the Supreme Court has

13  allowed to proceed under Bivens: Bivens v. Six Unknown Federal Narcotic Agents, 403 U.S. 388

14  (1971); Davis v. Passman, 442 U.S. 228 (1979); and Carlson v. Green, 446 U.S. 14 (1980). If the

15  answer is no, the claim may proceed. If the answer is yes, the court must apply a "special factors"

16  analysis to determine whether "special factors counsel hesitation" in expanding Bivens to the

17  action. Abbasi, 582 U.S. at 136.

18      The Ninth Circuit has summarized those special factors as follows:

19      the rank of the officer involved; whether Bivens is being used as a vehicle to alter an
        entity's policy; the burden on the government if such claims are recognized; whether
20      litigation would reveal sensitive information; whether Congress has indicated that it does
        not wish to provide a remedy; whether there are alternate avenues of relief available; and
21      whether there is adequate deterrence absent a damages remedy, among other factors. But
        the most important question for us to examine is whether the Judiciary is well suited,
22      absent congressional action or instruction, to consider and weigh the costs and benefits of
        allowing a damages action to proceed. If there are sound reasons to think Congress might
23      doubt the efficacy or necessity of a damages remedy the courts must refrain from creating
        the remedy in order to respect the role of Congress in determining the nature and extent of
24      federal-court jurisdiction under Article III.
25

26  Lanuza v. Love, 899 F.3d 1019, 1028 (9th Cir. 2018) (alterations, citations, and internal quotation

27  marks omitted).

28  ///

                                                      4

1    In order to determine whether plaintiff may bring his claims under <u>Bivens</u>, the Court
2    addresses the two steps identified in <u>Egbert</u>.

3    In the instant action, the Court finds that Plaintiff's medical claim arises in new contexts
4    from those identified in <u>Bivens</u>, 403 U.S. at 396-97, <u>Carlson</u>, 446 U.S. at 19, and <u>Davis</u>, 442 U.S.
5    at 248-49.  <u>See Egbert</u>, 596 U.S. at 492-93; <u>Ziglar</u>, 582 U.S. at 139-40.

6    1.    Bivens Medical Claim

7    Plaintiff's allegation that he was not provided proper medical care a week after his slip
8    and fall on November 12, 2023, fails to state cognizable deliberate indifference claims. <u>Estelle v.</u>
9    <u>Gamble</u>, 429 U.S. 97, 104 (1976) (prisoner must demonstrate that defendant was deliberately
10   indifferent to plaintiff's serious medical needs.)  In support of this claim, Plaintiff attaches an
11   inmate appeal form in which he states, "[o]n November 12th, 2023 I slipped and fell backwards
12   in the kitchen at USP Atwater, severely injuring my neck and spine.  I slowly became crippled.
13   My balance started to get worse then I got shooting pain down my arms, paralyzing my hands.
14   For 2 months I was unable to walk and work."  (ECF No. 23 at 7.)

15   Plaintiff's Eighth Amendment medical claims differ significantly from those alleged in
16   <u>Carlson</u>, where federal prison officials failed to provide medical treatment for the inmate's
17   serious medical needs for hours after the inmate suffered an asthma attack, and when treatment
18   was provided, prison officials used a broken respirator and administered antipsychotic
19   medication, leading to respiratory arrest and the inmate's death. <u>See Carlson</u>, 446 U.S. at 16;
20   <u>Green v. Carlson</u>, 581 F.2d 669, 671 (7th Cir. 1978).  Again, the second amended complaint does
21   not allege any serious medical need. However, even if Plaintiff presented a serious medical need,
22   he has failed to demonstrate that any Defendant was deliberately indifferent to such needs.
23   Indeed, Plaintiff acknowledges that he was provided a 4 wheel walker on December 4, 2023.
24   (ECF No. 23 at 7.)

25   In addition, special factors militate against extension of Bivens in this context. If there are
26   "sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy ...
27   courts must refrain from creating the remedy." <u>Ziglar</u>, 582 U.S. at 137. "Most importantly, the
28   Executive branch, through the Bureau of Prisons, provides an administrative grievance process

1    for inmates to lodge complaints about their confinement." Ballard v. Dutton, No. 23-6416-pr,

2    2024 WL 4039606, at *2 (citing Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No.

3    104-134, 110 Stat. 1321 (1996); 28 C.F.R. § 542.10).  That the PLRA "does not provide for a

4    standalone damages remedy against federal jailers" is "legislative action suggesting that Congress

5    does not want a damages remedy" which "is itself a factor counseling hesitation." Bravo v. U.S.

6    Marshals Service, 684 F. Supp. 3d 112, 125-26 (S.D.NY. July 26, 2023) (citing Ziglar, 582 U.S.

7    at 148).  The FTCA also provides another remedial scheme under 28 U.S.C. §§ 1346(b), 2671-

8    2680. See Oliva v. Nivar, 973 F.3d 438, 444 (5th Cir. 2020) (concluding that availability of claim

9    under FTCA was a "special factor" counseling against extending Bivens, even though it would

10   not provide the exact same relief as Bivens); McGurk v. Jusino, No. 5:22-cv-00529, 2022 WL

11   17080128 (C.D. Cal. Aug. 22, 2022).  Thus, the FTCA is another alternative remedial structure

12   potentially available to Plaintiff, which should preclude this court "fashion[ing] a Bivens

13   remedy." Egbert, 142 S. Ct. at 1804 (citing Ziglar, 582 U.S. at 137).

14          The Court therefore declines to extend a Bivens remedy to Plaintiff's Eighth Amendment

15   claims against Defendants.  Accordingly, Plaintiff's Eighth Amendment medical claim presents  a

16   new context than Carlson, and Plaintiff fails to state a cognizable claim for relief.

17          2.      Tort Claim

18          To the extent Plaintiff is seeking to bring a claim under the FTCA, it fails as a matter of

19   law.

20          In 1946, Congress passed the FTCA, "which waived the sovereign immunity of the United

21   States for certain torts committed by federal employees." Brownback v. King, 592 U.S. 209, 212

22   (2021) (quoting F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994)); see also 28 U.S.C. §§ 1346(b)(1),

23   2674.

24          The FTCA is a limited waiver of sovereign immunity and allows for the United States to

25   be held liable for certain specified state tort actions, including negligence resulting in personal

26   injury. 28 U.S.C. § 1346(b). The FTCA provides the exclusive remedy for torts committed by

27   federal employees acting within the scope of their employment. Nurse v. United States, 226 F.3d

28   996, 1000 (9th Cir. 2000). Because the remedy is against the United States and not against

6

1  individual employees, the United States is the only proper defendant for such a claim. 28 U.S.C. §

2  2679(b); <u>Kennedy v. U.S. Postal Serv.</u>, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam). Under

3  the FTCA, the United States can be held liable for state torts "in the same manner and to the same

4  extent as a private individual under like circumstances," 28 U.S.C. § 2674, but not for

5  constitutional tort claims, <u>FDIC v. Meyer</u>, 510 U.S. 471, 478 (1994).

6         To state a claim under the FTCA, a plaintiff must allege facts that support his tort claim

7  and satisfy the elements of a claim in accordance with the state law where the act or omission

8  occurred. 28 U.S.C. § 1346(b)(1); <u>United States v. Olson</u>, 546 U.S. 43, 45–46 (2005). Under

9  California law, to claim the plaintiff must show that the "defendant had a duty to use due care,

10  that he breached that duty, and that the breach was the proximate or legal cause of the resulting

11  injury." <u>Brown v. USA Taekwondo</u>, 483 P.3d 159, 164 (Cal. 2021), reh'g denied (May 12, 2021)

12  (quoting <u>Nally v. Grace Cmty. Church</u>, 47 Cal. 3d 278, 292 (1988)).

13         Here, Plaintiff alleges that he slipped and fell on water at the prison causing physical

14  injury and he has not been provided adequate medical treatment and/or medication.  Plaintiff

15  submits that he has complied with the FTCA's administrative exhaustion requirement which was

16  denied.  In denying the claim, it was specifically stated that Plaintiff's "sole means of redress for

17  a work-related injury is through the Inmate Accident Compensation System.  Inmate Accident

18  Compensation System as authorized by 18 U.S.C. § 4126, reimburses inmates who are injured in

19  accidents in the institution while they are performing work duties as long as there is a resulting

20  physical impairment existing at the time of their release from incarceration."  (ECF No. 17, Ex.

21  1.)

22         The Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126, authorizes the

23  Federal Prison Industries to compensate inmates "for injuries suffered ... in any work activity in

24  connection with the maintenance or operation of the institution in which the inmates are

25  confined." 18 U.S.C. § 4126(c)(4). The United States Supreme Court has held that the IACA is

26  the exclusive remedy against the United States for work-related injuries and bars a prisoner from

27  suit under the FTCA for work related injuries. <u>United States v. Demko</u>, 385 U.S. 149, 150-54

28  (1966); <u>Vander v. U.S. Dep't of Justice</u>, 268 F.3d 661, 664 (9th Cir. 2001).

Plaintiff seeks relief in this case for work-related injuries because his neck and spine was injured when he was working at the prison. Because Plaintiff was injured on the job, the IACA is the exclusive remedy for his injuries. "When a prisoner is injured on the job, he cannot bring an action against the United States under the FTCA for that injury or for negligence by United States Agents regarding treatment of that injury." Vander, 268 F.3d at 664. As such, the exclusive remedy against the United States for plaintiff's injuries in this case is the IACA. Demko, 385 U.S. at 151-52. The fact that Plaintiff was not (or cannot) be granted relief under the definition of the statute does not entitle him to seek relief by way of a civil rights complaint, and the IACA's decision was not arbitrary or capricious.[1] Thompson v. United States, 492 F.2d 1082, 1084 (5th Cir. 1974). Accordingly, the Court lacks jurisdiction over Plaintiff's FTCA claim, and such claim must be dismissed.

### 3. Further Leave to Amend

Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that no amendment can cure the defect." Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting Akhtar v. Mesa, 698 F.3d 1202, 1212–13 (9th Cir. 2012)); see also Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile."). Because Plaintiff cannot state a claim as a matter of law, it is recommended that this action be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1). Therefore, this action should be dismissed without leave to amend.

### IV.

### ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

---

[1] A prisoner cannot receive compensation under the IACA regulations until he is released. 28 C.F.R. § 301.301(a); see, e.g., Doughty v. United States, No. 4:07–CV–232, 2007 WL 3095380, at *1 n. 8 (N.D. Tex. Oct.23, 2007); Luttrell v. United States, No. 93 C 5226, 1994 WL 605746, at *2 (N.D. Ill. Nov. 3, 1994). Plaintiff is serving a life sentence. See https://www.bop.gov/inmateloc/.

1    Further, it is HEREBY RECOMMENDED that the action be dismissed, without leave to

2    amend, for failure to state a cognizable claim for relief.

3    This Findings and Recommendation will be submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**

5    **days** after being served with this Findings and Recommendation, Plaintiff may file written

6    objections with the Court, limited to 15 pages in length, including exhibits.  The document should

7    be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is

8    advised that failure to file objections within the specified time may result in the waiver of rights

9    on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v.

10   Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

11

12   IT IS SO ORDERED.

13   Dated:  __January 23, 2025__                    _____

14                                                   STANLEY A. BOONE
                                                     United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          9