UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL HOWARD, <br><br> Plaintiff, <br><br> v. <br><br> UNKNOWN, <br><br> Defendant. | No. 1:24-cv-00429-KES-SAB (PC) <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM <br><br> Doc. 25 |

Plaintiff Abdul Howard is proceeding pro se and in forma pauperis on his second amended complaint ("SAC") filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 23, 2025, the assigned magistrate judge screened the SAC and issued findings and recommendations, recommending that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.  Doc. 25.  Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  *Id.* at 9.  Plaintiff filed objections on February 13, 2025.  Doc. 26.

///

1    In his objections, plaintiff states that he was subjected to cruel treatment because, as an
2 inmate serving a life sentence, he did not receive the same compensation benefits following a slip
3 and fall accident as provided to inmates not serving such a sentence, who are eligible for inmate
4 compensation.  *Id.* at 1.  Plaintiff contends that because he was not afforded these same benefits,
5 he returned to the jail in a worse condition after receiving surgery and spending fifty or more days
6 in the hospital.  *Id.*  He asserts that he was denied transfer to a medical facility because he is
7 serving a life sentence and that "the Region denies everything the doctors here ask for."  *Id.* at 1–
8 2.  Plaintiff states that he will refuse subsequent surgeries, while recognizing his need for them,
9 because the first surgery worsened his condition and many of his constitutional rights were
10 violated in the process of not being in a medical facility.  *Id.* at 2.  Plaintiff claims inmates are
11 being denied proper medical treatment in violation of equal protection and that, in denying him
12 medication and transfer to a medical facility, "Region/USA" is responsible for violations of
13 plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.  *Id.*

14    Plaintiff's objections fail to meaningfully address the deficiencies identified in the
15 findings and recommendations.  A claim under the Eighth Amendment has two components.
16 *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).  First, the objective component requires a
17 "sufficiently serious" deprivation, that is, one that "result[s] in the denial of 'the minimal civilized
18 measure of life's necessities.'"  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (first quoting
19 *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); and then quoting *Rhodes v. Chapman*, 452 U.S. 337,
20 347 (1981)).  "The second component is a subjective showing: that Defendant acted with
21 'deliberate indifference,' which is 'more than mere negligence,' but 'less than acts or omissions
22 for the very purpose of causing harm or with knowledge that harm will result.'"  *McDermott v.*
23 *Idaho Dep't of Corr.*, No. 1:24-CV-00140-DCN, 2024 WL 4930607, at *4 (D. Idaho Dec. 2,
24 2024) (quoting *Farmer*, 511 U.S. at 835).

25    As the findings and recommendations correctly note, a *Bivens* claim is available against
26 officers only in their individual capacities.  Doc. 25 at 3.  To the extent plaintiff's medical claim
27 is asserted against the entities "Region/USA," that claim cannot proceed as a *Bivens* claim.
28 *Morgan v. U.S.*, 323 F.3d 776, 780 n.3 (9th Cir. 2003); *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th

1 | Cir. 1996). Plaintiff's conclusory assertions are also insufficient to demonstrate that any
2 | defendant was deliberately indifferent to plaintiff's serious medical needs. *Estelle v. Gamble*, 429
3 | U.S. 97, 104–06 (1976). Plaintiff's objections also suggest that plaintiff is refusing to receive
4 | further surgery to address his condition.

5 |     Plaintiff's brief reference in his objections to an equal protection violation is conclusory
6 | and fails to provide the necessary factual basis to allow for "the reasonable inference that the
7 | defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct.
8 | 1937, 1940, 173 L. Ed. 2d 868 (2009). Moreover, that claim arises in "a new *Bivens* context."
9 | *Ziglar v. Abbasi*, 582 U.S. 120, 140 (2017); *cf. Davis v. Passman*, 442 U.S. 228 (1979)
10 | (recognizing *Bivens* remedy for Fifth Amendment Equal Protection claim based on gender
11 | discrimination in federal employment). For the reasons explained in the findings and
12 | recommendations, Doc. 25 at 5:25–6:6, this cause of action cannot be recognized under *Bivens*.
13 | *See also Egbert v. Boule*, 596 U.S. 482, 493 (2022) ("a court may not fashion a *Bivens* remedy if
14 | Congress already has provided, or has authorized the Executive to provide, an alternative
15 | remedial structure.").

16 |     In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a de
17 | novo review of this case. Having carefully reviewed the file, including plaintiff's objections, the
18 | Court finds the findings and recommendations to be supported by the record and by proper
19 | analysis.
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

Accordingly:

1. The findings and recommendations issued on January 23, 2025, Doc. 25, are adopted in full;
2. This action is dismissed for failure to state a cognizable claim upon which relief may be granted; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   August 24, 2025

UNITED STATES DISTRICT JUDGE

4