UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL HOWARD,<br><br>              Plaintiff,<br><br>        v.<br><br>UNKNOWN,<br><br>              Defendant. | No.  1:24-cv-00429-KES-SAB (PC)<br><br> Appeal No. 26-144<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN TIME TO FILE APPEAL AND DIRECTING CLERK OF COURT TO SERVE THE NINTH CIRCUIT<br><br>(Doc. 35) |

On May 29, 2026, the Ninth Circuit construed plaintiff's notice of appeal and response to its January 9, 2026 order as a motion to reopen the time to file an appeal.  Doc. 34 (citing *United States v. Withers*, 638 F.3d 1055, 1061).   For the reasons set forth below, plaintiff's construed motion to reopen the time to file an appeal is granted.

**I.      Background**

Plaintiff filed the instant action on April 10, 2024.  Doc. 1.  On January 23, 2025, the assigned magistrate judge screened plaintiff's second amended complaint and issued findings and recommendations, recommending that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.  Doc. 25.  Plaintiff filed objections to the findings and recommendations.  Doc. 26.  On August 25, 2025, the court adopted the findings and

1

recommendations in full, and judgment was entered.  Docs. 29, 30.

Plaintiff filed a notice of appeal on January 6, 2026.  Doc. 31.  On May 29, 2026, the Ninth Circuit construed plaintiff's notice of appeal and response to its January 9, 2026 order as a motion to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6) and remanded the matter to this Court for the limited purpose of ruling on plaintiff's motion.  Doc. 34.

## II.    LEGAL STANDARD

Federal Rule of Appellate Procedure 4(a)(1)(A) requires that a notice of appeal be filed within 30 days after the entry of the order or judgment that is the subject of the appeal.  Fed. R. App. P. 4(a)(1)(A).  Here, plaintiff filed his notice of appeal on January 6, 2026, more than 30 days after the entry of the order of dismissal and judgment.  Docs. 30, 31.

A district court may reopen the time to file an appeal under Rule 4(a)(6), which provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Rule 4(a)(6) is intended to "soften the harsh penalty of losing one's right to appeal due to the government's malfeasance in failing to notify a party of a judgment."  *Arai v. Am. Bryce Ranches, Inc.*, 316 F.3d 1066, 1070 (9th Cir. 2003); *see also Sanders v. U.S.*, 113 F.3d 184, 187 (11th Cir. 1997) (noting it would be unjust to deprive a pro se litigant the opportunity to appeal an order where "through no fault of his own," he did not receive notice of the order).  In ruling on the motion, the district court may not consider the underlying merits of the appeal or the concept of "excusable neglect" (from Rule 4(a)(5)) and must apply only the requirements identified in

Rule 4(a)(6). *Arai*, 316 F.3d at 1070. Indeed, "where a moving party makes an unchallenged assertion that he did not receive timely notice of judgment, and the other Rule 4(a)(6) conditions are not at issue, a district court errs in denying the motion to reopen based solely on the party's failure to learn independently of the entry of judgment." *Withers*, 638 F.3d at 1061–62 (citing *Nunley v. City of Los Angeles*, 52 F.3d 792, 796, 798 (9th Cir. 1995)).

### III.    DISCUSSION

Plaintiff alleges that he did not receive the notice of judgment in a timely manner. Doc. 35. More specifically, plaintiff indicates that he was transferred from the United States Penitentiary in McCreary on February 20, 2025, and he sent two notices of change of address to the district court, but he did not receive a reply from the district court. *Id.* at 1. Plaintiff further submits that he spent fifty-five days in the hospital, and he did not know of the notice of judgment until December 27, 2025, when a fellow inmate obtained that information for him. *Id.* Plaintiff submits the declaration of Marcus Payten, who corroborates plaintiff's allegation that a fellow inmate obtained the district court's order for plaintiff on or about December 27, 2025. *Id.* at 4.

Plaintiff's uncontested allegation that he did not receive actual notice of the judgment until December 27, 2025, along with corroborating declaration of Marcus Payten, supports a finding that plaintiff did not receive the notice of judgment within 21 days of entry. Fed. R. Civ. P. 4(a)(6)(A). Plaintiff's notice of appeal was filed on January 6, 2026, which is within 14 days of plaintiff receiving actual notice of judgment, as well as within 180 days from the date of entry of judgment. Fed. R. Civ. P. 4(a)(6)(B). The Court finds no prejudice to any party as this action was dismissed in the screening stage prior to service. Accordingly, plaintiff's construed motion to reopen the time to file an appeal is granted.

//

//

//

//

//

//

3

**IV.    CONCLUSION**

Based on the foregoing:

1.    Plaintiff's motion to reopen the time to file an appeal, Doc. 35, is GRANTED; and

2.    The Clerk of Court shall serve a copy of this order on the Ninth Circuit, in Case No. 26-144.

IT IS SO ORDERED.

Dated:    June 15, 2026

_____
UNITED STATES DISTRICT JUDGE

4